# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY CAMPOPIANO,

    Plaintiff,

vs.

SHERIFF DOUG GILLESPIE, et al.,

    Defendants.

Case No. 2:10-CV-00459-KJD-(RJJ)

**ORDER**

    Plaintiff, who is a prisoner in custody at the Clark County Detention Center, see 28 U.S.C. § 1915(h), has submitted an application to proceed in forma pauperis (#1). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must still pay the filing fee through monthly installments. 28 U.S.C. § 1915(b)(2).

    The court has reviewed plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court will dismiss some claims, and the remaining claim requires amendment. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief

can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

In counts 1 and 2, plaintiff alleges that his right of access to the courts is being violated because officers at the Clark County Detention Center refused to mail documents to the state district court and because they refused to provide him with legal supplies. Plaintiff is a defendant in a criminal proceeding in the Eighth Judicial District Court of the State of Nevada, State v. Campopiano, C257435. The public defender represents plaintiff in that case. Provision of the public defender satisfies plaintiff's right of access to the courts. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Amendment of counts 1 and 2 could not correct this defect, and the court dismisses these counts.

In count 3, plaintiff alleges that a jail officer at the Las Vegas Detention Center delivered to his cell mail from public officials that had been opened outside of his presence. Plaintiff does not allege who these public officials are. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), as amended by 135 F.3d 1318 (9th Cir. 1998) (order). Jail officers may open mail from public agencies and public officials outside of plaintiff's presence. Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1998) (order). Even if the jail officer opened mail from plaintiff's attorney outside of plaintiff's presence, it is an open question whether such conduct violates the constitution. Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In an amended complaint, plaintiff needs to allege who sent the mail to him.

The dismissal of counts 1 and 2 requires the dismissal of four defendants. Count 3 is the only surviving count, and it refers only to an event at the Las Vegas Detention Center. Defendant Gillespie is Sheriff of Clark County. His agency, the Las Vegas Metropolitan Police Department, is separate from both Clark County and the City of Las Vegas, and it has its own capacity to sue and be sued. Nev. Rev. Stat. § 280.280. The department operates the Clark County Detention Center, which is where defendants John Doe #1, #2, and #3 work. See Nev. Rev. Stat.

1  § 280.284.  The Las Vegas Metropolitan Police Department does not operate the Las Vegas
2  Detention Center.  The City of Las Vegas, through its Department of Detention and Enforcement,
3  operates the Las Vegas Detention Center.  Defendants Gillespie and Does 1 through 3 have no
4  involvement with either the Las Vegas Detention Center or the event alleged in count 3, and the
5  court dismisses them.

6       The surviving defendant is John Doe #4.  Plaintiff will need to identify him by name.
7  If Plaintiff can amend his complaint to state a claim in count 3, then the court will need a name to
8  serve him with process.

9       Petitioner has sued defendant John Doe #4 in his individual capacity and in his
10 official capacity.  While individual-capacity actions seek to impose personal liability upon a
11 government official for actions performed under color of state law, official-capacity actions
12 generally represent another way of suing "an entity of which an officer is an agent."  <u>Kentucky v.</u>
13 <u>Graham</u>, 473 U.S. 159, 165 (1984) (quoting <u>Monell v. Department of Social Services of City of</u>
14 <u>New York</u>, 436 U.S. 658, 690 n.55 (1978)).  In the case of defendant John Doe #4, that entity is the
15 City of Las Vegas.  To succeed with an official-capacity claim against Defendants, Plaintiff must
16 prove that any constitutional violations that he suffered occurred as a result of an official policy or
17 custom, <u>Monell</u>, 436 U.S. at 690, or through a failure to train municipal employees adequately, <u>City</u>
18 <u>of Canton v. Harris</u>, 489 U.S. 378, 388-91 (1989).  Plaintiff's allegations in count 3 do not support
19 the conclusion that what happened resulted from such official action of the City of Las Vegas.

20       IT IS THEREFORE ORDERED that plaintiff's application to proceed <u>in forma</u>
21 <u>pauperis</u> (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.
22 However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
23 § 1915(b)(2).

24       IT IS FURTHER ORDERED that the movant herein is permitted to maintain this
25 action to conclusion without the necessity of prepayment of any additional fees or costs or the
26 giving of security therefor.  This order granting leave to proceed <u>in forma pauperis</u> shall not extend
27 to the issuance of subpoenas at government expense.

28

1    IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (inmate #1213544), in months that the account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action.  If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Clark County Detention Center accounting supervisor is directed to send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward the filing fee, so that funds may continue to be deducted from plaintiff's account.  The clerk shall send a copy of this order to the Clark County Detention Center accounting supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that counts 1 and 2, and defendants Gillespie and John Doe #1, #2, and #3 are **DISMISSED** for failure to state a claim upon which relief can be granted, without leave to amend.

IT IS FURTHER ORDERED that count 3 is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-00459-KJD-(RJJ), above the word "AMENDED."

DATED:  July 14, 2010

_____
KENT J. DAWSON
United States District Judge